IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. ELH-14-0109 |
| BRANDON FERRELL, | Civil No. ELH-16-1914 |
| *Petitioner*. | |

### MEMORANDUM

The self-represented Petitioner, Brandon Ferrell, has filed a motion to vacate under 28 U.S.C. § 2255 (ECF 68), which has been supplemented several times. *See* ECF 69; ECF 76; ECF 88; ECF 89 (collectively, the "Petition").[1] The government opposes the Petition. ECF 92. Mr. Ferrell replied. ECF 93.

No hearing is needed to resolve the Petition. For the reasons that follow, I shall deny the Petition.

### I.  Background

The Petition is rooted in a ten-count indictment filed in March 2014, charging Ferrell and codefendant Stephanie Smith with multiple crimes. ECF 1. Ferrell was charged as follows: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts Two, Four, Six and Eight); four counts of possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Three, Five, Seven, and Nine); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Ten). Of

---

[1] ECF 69 and ECF 76 were filed by the Office of the Federal Public Defender ("FPD"). However, the FPD subsequently moved to withdraw as counsel (ECF 84) and I granted that motion on February 27, 2020. ECF 85. ECF 88 and ECF 89 appear to be identical.

relevance here, the Indictment identified the Hobbs Act conspiracy charged in Count One and the Hobbs Act robbery charged in Count Two as predicate crimes of violence to support the § 924(c) charge in Count Three. *Id.* at 5.

The case was initially assigned to Judge William D. Quarles, Jr.[2] On October 1, 2014, Petitioner entered a plea of guilty before Judge Quarles, to Counts Two and Three of the Indictment. ECF 22 (Rearraignment); ECF 25 (Plea Agreement). The plea was tendered under Fed. R. Crim. P. 11(c)(1)(C). ECF 25 at 1. In the Plea Agreement, the parties stipulated that the § 924(c) offense in Count Three was based only on the Hobbs Act robbery offense in Count Two.

Specifically, the parties agreed with respect to the offense elements of Counts Two and Three as follows, ECF 25, ¶ 2 (emphasis added):

Count Two:

    a. On or about September 27, 2013, the Defendant, acting with Stephanie Amber Smith, interfered with interstate commerce and the movement of articles and commodities in such commerce through the commission of the robbery of a 7-Eleven convenience store located at 3500 Boston Street, Baltimore, Maryland;

    b. The robbery involved the taking of $160.00, more or less, from another by the wrongful use of actual or threatened force or violence;

    c. The 7-Eleven convenience store located at 3500 Boston Street, Baltimore, Maryland was engaged in the retail sales of consumer products obtained from vendors within and outside the state of Maryland and, thus, affected interstate commerce.

Count Three:

---

[2] Judge Richard D. Bennett ruled on ECF 59. *See* ECF 60, ECF 61. Judge Catherine Blake appointed the FPD for Ferrell. ECF 64. The case was reassigned to me in May 2016. *See* Docket.

      a. The Defendant, acting with Stephanie Amber Smith, did possess and brandish a firearm during and in relation to the robbery of the 7-Eleven convenience store;

      b. The Defendant knowingly possessed and brandished said firearm;

      c. The robbery of the 7-Eleven convenience store is a crime which may be prosecuted in a court of the United States.

On December 17, 2014, Judge Quarles sentenced Petitioner to 156 months' imprisonment as to Count Two and 84 months' imprisonment, consecutive, as to Count Three. This resulted in a total sentence of 240 months. ECF 49 (Judgment).[3] Counts One, Four, Five, Six, Seven, Eight, Nine, and Ten were dismissed on the government's motion. *Id.* Petitioner did not appeal his conviction or sentence.

On June 7, 2016, Petitioner, pro se, filed a Motion to Vacate Judgment under 28 U.S.C. § 2255, based on the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015). ECF 68. The Supreme Court ruled in *Johnson* that the residual clause of the Armed Career Criminal Act's definition for violent felony, at 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Through the Office of the Federal Public Defender ("FPD"), Ferrell filed a supplemental motion. ECF 69.

Then, on April 4, 2019, Petitioner, through the FPD, filed another supplement to his motion to vacate, citing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). ECF 76. In *Dimaya*, the Supreme Court applied *Johnson* to the residual clause of the crime of violence definition in 18 U.S.C. § 16(b). *Dimaya*, 138 S. Ct. at 1210. Ferrell also suggested that the Court should hold his case in abeyance pending the outcome of the Supreme Court's decision in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019). ECF 76.

---

[3] An Amended Judgment was issued on March 10, 2015, with the same sentence. ECF 54.

On June 24, 2019, the Supreme Court issued its decision in *Davis*, ruling that the "residual clause" definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2334. However, the Fourth Circuit subsequently ruled that Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), still qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c). *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639 (2019), and *Stokes v. United States*, 140 S. Ct. 640 (2019).

Thereafter, the FPD moved to withdraw as counsel. ECF 84. On February 27, 2020, I granted that motion. ECF 85.

On June 17, 2020, the Court docketed Petitioner's motion to amend and expand his pending § 2255 Petition. *See* ECF 88. A seemingly identical submission was docketed on June 19, 2020. ECF 89.

On May 13, 2020, this Court issued an Order directing the government to respond by July 13, 2020. ECF 87. The government's opposition is at ECF 92. Mr. Ferrell replied. ECF 93.

## II. Discussion

### A.

The grounds for collateral relief under 28 U.S.C. § 2255 are narrower than those for relief on direct appeal. A motion under 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962); *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v.*

*Middleton*, 883 F.3d 485 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Under § 2255, the Petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). Notably, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

Under 28 U.S.C. § 2255(b), the Court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *See, e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). This is such a case. No hearing is necessary.

**B.**

Under federal law, a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" in "furtherance of any such crime" is subject to conviction for the underlying crime of violence as well as for the firearm offense. *United States v. Taylor*, ___ F.3d ___, 2020 WL 6053317, at *2 (4th Cir. Oct. 14, 2020); *see* 18 U.S.C. § 924(c)(1)(A).

A crime of violence is defined in 18 U.S.C. § 924(c)(3) as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the

offense." Subsection (A) of 18 U.S.C. § 924(c)(3) is commonly referred to as the "force clause" or "elements clause," while subsection (B) is referred to as the "residual clause."

As noted, in the recent case of *United States v. Davis*, 139 S. Ct. 2319, the Supreme Court ruled that the residual clause in § 924(c)(3)(B) was unconstitutionally vague. *See id.* at 2336. However, as indicated, Petitioner's § 924(c) conviction as to Count Three was not predicated on the residual clause. Rather, it was predicated on his Hobbs Act robbery offense in Count Two. And, that offense does not implicate the residual clause.

The Hobbs Act provides, 18 U.S.C. § 1951(a):

> Whoever in any way or degree obstructs, delays, or affects commerce … by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

"Robbery" is defined as the taking of personal property from another "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

In *Mathis*, 932 F.3d at 266, the Fourth Circuit determined that Hobbs Act robbery "categorically" qualifies as a crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A). *See Taylor*, 2020 WL 6053317, at *3. The Fourth Circuit in *Mathis* relied on its prior decision in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), and concluded that Hobbs Act robbery requires the use, attempted use, or threat of physical force, even when the offense only involves "fear of injury," because that term is synonymous with "intimidation," which necessarily "involves the threat to use [physical] force." *Mathis*, 932 F.3d at 266. *But see Taylor* (concluding that *attempted* robbery is not a crime of violence).

Clearly, Petitioner's conviction for the Hobbs Act robbery charged in Count Two of the Indictment qualifies as a crime of violence under the force clause. The conviction under Count Three, pursuant to 18 U.S.C. § 924(c), was predicated on the crime in Count Two. Thus, Count Three remains valid.

### III.   Conclusion

For the reasons stated herein, I shall deny the Petition. A Certificate of Appealability ("COA") shall not issue.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a COA when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[4]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

---

[4] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the Fourth Circuit.

An Order follows.

Date: October 15, 2020                    /s/
                                          Ellen L. Hollander
                                          United States District Judge